UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RYAN EHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES POLICE<br>DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. CV 15-9013-AB (GJS)<br><br>**ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE** |

　　　On November 19, 2015, Plaintiff, a California state prisoner, filed a civil rights complaint ("Complaint") and a request to proceed without prepayment of the filing fee ("Request"). Pursuant to its screening obligations under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1), the Court screened the Complaint and found it to be substantially defective. For example, the claims alleged against most of the Defendants are barred by the Eleventh Amendment and the judicial immunity doctrine. The claim alleged against the remaining police officer Defendants fails entirely to state a cognizable *Monell* claim. On December 3, 2015, the Court issued an Order that: denied the Request and dismissed the Complaint, without leave to amend, with respect to the claims barred by the Eleventh Amendment and the judicial immunity doctrine; and denied the Request and dismissed the Complaint,

with leave to amend within 30 days, with respect to Plaintiff's claim against the police officer Defendants (Dkt. No. 6, the "December 3 Order").

On December 18, 2015, the copy of the December 3 Order served upon Plaintiff at his docket address of record was returned by the United States Postal Service. The envelope in which it was returned bore notes indicating that Plaintiff was paroled on December 9, 2015, and no forwarding address was available (Dkt. No. 7).

Plaintiff has not filed an amended Complaint by the January 2, 2016 deadline for doing so. Nor has he filed with the Court a notice of change of address as required by Local Rule 41-6, which provides that: a pro se litigant must keep the Court and the parties apprised of his current address; and if mail served by the Court upon a pro se litigant is returned by the Postal Service undelivered and the litigant fails to provide written notification of his current address within 15 days, the Court may dismiss the action for want of prosecution. It has been more than 15 days since the December 3 Order was returned as undeliverable. Given Plaintiff's failure to provide the Court with a current address, the Court has no means of communicating with him.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably could favor retention of this action on the Court's docket. However, there is no operative Complaint in this case, because for the reasons set forth in the December 3 Order, the originally-proffered Complaint was significantly defective. Hence, the merits of Plaintiff's claims, if any, do not favor retention of this case on the docket.

Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors. *See Pagtalunan*, 291 F.3d at 642; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to provide the Court with a current address and to comply with Local Rule 41-6 has caused this action to come to a halt, thereby impermissibly allowing Plaintiff, rather than the Court, to control the pace of the proceedings in this case. *Id.*

The third factor -- possible prejudice to the opposing party -- is, at best, neutral to Plaintiff. The Complaint is based, for the most part, on an apartment search that is alleged to have occurred in February 2014, almost two years ago. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to any Defendant as yet, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Communications Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).

In addition, the fourth factor favors dismissal. Local Rule 41-6 exists for a reason; unless litigants keep the Court apprised of valid addresses at which they may receive service, cases become stymied and court dockets become clogged. Local Rule 41-6 specifically cautions litigants, including Plaintiff, that a failure to advise the Court of a current address could result in the dismissal of an action for lack of prosecution. *See Ferdik*, 963 F.2d at 1262. Having been so cautioned, yet having failed to provide the Court with a means of contacting him, it appears that Plaintiff

1  does not intend to pursue this case. Under these circumstances, dismissal is
2  appropriate.
3      A balancing of the relevant factors thus leads to the conclusion that dismissal
4  without prejudice, pursuant to Rule 41(b), is warranted. *See Yourish*, 191 F.3d at
5  992 (finding Rule 41(b) dismissal, based on the plaintiff's failure to file an amended
6  complaint as ordered, was warranted when strongly supported by three factors).
7      Accordingly, for the foregoing reasons, IT IS ORDERED that this case is
8  dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil
9  Procedure and Local Rule 41-6.
10     **IT IS SO ORDERED.**

14 DATED: January 8, 2016     _____
15     ANDRÉ BIROTTE JR.
    UNITED STATES DISTRICT JUDGE

4